STATE OF INDIANA      )    MARION SUPERIOR COURT _____

)SS:

COUNTY OF MARION    )    CAUSE NO.: _____**49D11 14 03 PL 009372**

JOHN SMITH

                Plaintiff        )

                           )

      v.                     )

                           )

ARAMARK CORPORATION,    )

                           )

                Defendant   )

## SUMMONS

THE STATE OF INDIANA TO DEFENDANT:    Aramark Corporation
                                         c/o CT Corporation System, Registered Agent
                                       150 West Market Street, Suite 800
                                       Indianapolis, IN 46204

You have been sued by the person(s) named "Plaintiff", in the Court stated above.

The nature of the suit against you is stated in the Complaint, which is attached to this summons. It also states in the demand, which the Petitioner has made against you.

You must answer the Compliant in writing to be filed with the Court, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons, you have twenty-three (23) days to answer if this summons was received by mail, or judgment will be entered against you for what the Petitioner has demanded.

If you deny the demand and/or have a claim for relief against the Petitioner arising from the same transaction or occurrence, you must assert it in your written answer.

It is suggested that you consult with an attorney of your choice regarding this matter.

The following manner of service of summons is hereby designated: **SERVICE BY CERTIFIED MAIL**

                                                 *Elizabeth A. White*
                                     CLERK OF THE MARION CIRCUIT COURT

Date:_____              _____MAR 2 4 2014_____
                                         Clerk, Marion County Superior Court

Davina L. Curry, Atty No. 24139-49            200 E. Washington Street
THE CURRY LAW FIRM, LLC                 CITY COUNTY BUILDING
P.O. Box 78676                               Indianapolis, IN 46204
Indianapolis, IN 46278
(317) 627-9187
*Attorney for Plaintiffs*
dlcurry@thecurrylawfirm.com

**RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served the within summons:

(1)     By delivering a copy of the Summons and a copy of the complaint to the defendant, _____ on the _____ day of _____, 20____.

(2)     By leaving a copy of the summons and a copy of the complaint at _____, the dwelling place or usual place of abode of the said defendant, with a person of suitable age and discretion residing therein, namely _____, whose approximate age is _____.

(3)     Other: _____.

Sheriff's Fees: Additional

                                       Sheriff of MARION County, Indiana

                    By:     _____

                                   Deputy

**CLERK'S CERTIFICATE OF MAILING**

I hereby certify that on the _____ day of _____, 20____, I mailed a copy of this summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                      Clerk, Marion County Superior Court

Dated: _____

                  By:     _____

                              Deputy

**RETURN OF SERVICE OF SUMMONS BY MAIL**

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to the defendant _____ was accepted by the defendant on the ____ day of _____, 20____.

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint was returned not accepted on the _____ day of _____, 20____.

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to defendant _____ was accepted by _____on behalf of said defendant on the ____ day of _____, 20____.

                                    Clerk, Marion County Superior Court

Dated: _____

                  By:     _____

                              Deputy

SERVICE ACKNOWLEDGED (When defendant accepts service in person)

A copy of the within summons and a copy of the complaint attached thereto were received by me at _____, this _____ day of _____, 20____.

                                    _____

                                    Signature of Defendant

STATE OF INDIANA      )     MARION  SUPERIOR COURT _____
                         ) SS:
COUNTY OF MARION     )     CAUSE NO.: _____ 49D11 14 03 PL 0 0 9 3 7 2

JOHN SMITH

                           )
          Plaintiff       )
                           )
     v.                    )
                           )
ARAMARK CORPORATION,   )
                           )
         Defendant     )

## SUMMONS

THE STATE OF INDIANA TO DEFENDANT:     Aramark Corporation
                                                   c/o CT Corporation System, Registered Agent
                                                   150 West Market Street, Suite 800
                                                     Indianapolis, IN  46204

You have been sued by the person(s) named "Plaintiff", in the Court stated above.

The nature of the suit against you is stated in the Complaint, which is attached to this summons.  It also states in the demand, which the Petitioner has made against you.

You must answer the Compliant in writing to be filed with the Court, by you or your attorney, within twenty (20) days, commencing the day after you receive this summons, you have twenty-three (23) days to answer if this summons was received by mail, or judgment will be entered against you for what the Petitioner has demanded.

If you deny the demand and/or have a claim for relief against the Petitioner arising from the same transaction or occurrence, you must assert it in your written answer.

It is suggested that you consult with an attorney of your choice regarding this matter.

The following manner of service of summons is hereby designated: **SERVICE BY CERTIFIED MAIL**

Date:_____             _____

                                                 Clerk, Marion County Superior Court
Davina L. Curry, Atty No.  24139-49       200 E. Washington Street
THE CURRY LAW FIRM, LLC            CITY COUNTY BUILDING
P.O. Box 78676                              Indianapolis, IN  46204
Indianapolis, IN  46278
(317) 627-9187
*Attorney for Plaintiffs*
dlcurry@thecurrylawfirm.com

## RETURN ON SERVICE OF SUMMONS

      I hereby certify that I have served the within summons:

      (1)     By delivering a copy of the Summons and a copy of the complaint to the defendant, _____ on the ____ day of _____, 20____.

      (2)     By leaving a copy of the summons and a copy of the complaint at _____, the dwelling place or usual place of abode of the said defendant, with a person of suitable age and discretion residing therein, namely _____, whose approximate age is _____.

      (3)     Other: _____.

Sheriff's Fees: Additional

                                       Sheriff of MARION County, Indiana

                    By:     _____

                                  Deputy

## CLERK'S CERTIFICATE OF MAILING

      I hereby certify that on the ____ day of _____, 20____, I mailed a copy of this summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                             Clerk, Marion County Superior Court

Dated: _____

               By:     _____

                   Deputy

## RETURN OF SERVICE OF SUMMONS BY MAIL

      I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to the defendant _____ was accepted by the defendant on the ____ day of _____, 20____.

      I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint was returned not accepted on the ____ day of _____, 20____.

      I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the ___ day of _____, 20____.

                           Clerk, Marion County Superior Court

Dated: _____

               By:     _____

                   Deputy

SERVICE ACKNOWLEDGED (When defendant accepts service in person)

      A copy of the within summons and a copy of the complaint attached thereto were received by me at _____, this ___ day of _____, 20____.

                            _____

                              Signature of Defendant

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION _____ COURT |
| | )SS: | |
| COUNTY OF MARION | ) | CAUSE NO.: 49D11 14 03 PL 009372 |

| | |
|---|---|
| JOHN SMITH | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| ARAMARK CORPORATION | ) |
| | ) |
| Defendant. | ) |

**FILED**

(94) MAR 1 8 2014

*Elizabeth f. White*

CLERK OF THE MARION CIRCUIT COURT

## COMPLAINT FOR BREACH OF CONTRACT

John Smith, by counsel, for his cause of action against Aramark Corporation, states:

1. John Smith is an individual who resides in the State of Indiana, County of Marion.

2. Aramark Corporation is a Pennsylvania corporation licensed to do business in the State of Indiana, City of Indianapolis, County of Marion.

3. On or about February, 2004, John Smith began employment through Tempco, a temporary employment agency, for Aramark.

4. On or about May, 2004, John Smith was hired in a permanent position with Aramark Corporation.

5. On or about September or October, 2004, John Smith was promoted to ground supervisor with Aramark at Marian College in Indianapolis, Indiana.

6. On Thursday, April 15, 2010, John Smith fell at a rental property he owned tearing his rotator cuff and bicep.

7. On Friday, April 16, 2010, John Smith notified Aramark Corporation of his accident. On Monday, April 19, 2010, John Smith turned in his physician's statement concerning his physical condition to Aramark Corporation.

8.      April 22, 2010, John Smith picked up FMLA documentation from Aramark Corporation.

9.      John Smith returned the FMLA documentation to Aramark on May 3, 2010, and had surgery on his rotator cuff and bicep on May 6, 2010.

10.      On Mary 21, 2010, John Smith was released to go back to work at Aramark on light duty.

11.      John Smith was informed by Joe Gepsinger, Aramark's district manager, that he could not return to work because Aramark was concerned John Smith may hurt himself.

12.      In July or August, 2010, John Smith was notified by LeAnn of Aramark that if John was off work for more than six months he would be terminated

13.      In September, 2010, Joe Gepsinger contacted John Smith and advised him he was terminated.

14.      John Smith was instructed to contact the corporate office of Aramark.  Allison, of the Aramark corporate office advised that Joe Gepsinger was mistaken and that John Smith still had his job with Aramark.

15.      On October 13, 2010, John Smith was released to return to regular duty.  Joe Gepsinger then contacted John Smith and advised him that his termination date was October 14, 2010.

16.      On October 14, 2010, John Smith was informed by Joe Gepsinger that Aramark was going to have a meeting about his return to work.  John Smith was informed later that day that he had two choices, to come back as a plumber, or to receive a severance package; that they had given his supervisor job to the temporary employee.

17.     When John Smith returned to work, he went from $22.50 per hour to $18.00 per hour.

18.     On January 24, 2011, John Smith discovered he had lost his accidental death benefit. John Smith also lost his vacation days, as well as other benefits due him through his position as a supervisor.

19.     Due to the continued write ups, harassment, unlawful stripping of his position, and other discriminatory conduct after his injury, John Smith resigned his position with Aramark effective June 10, 2013.

20.     During his employment prior to his physical injury, John Smith had no disciplinary reports or issues with employment with Aramark. After his return to work, he was called in to the office many times resulting in unwarranted write ups and discipline.

21.     Pursuant to Aramark's employment policy, requires Aramark to utilize progressive discipline approach to every employee's position. In this case, Aramark failed and refused to afford John Smith any progressive approach to removing him from the supervisory position he held, and stripping him of his salary and benefits under that position after his injury and surgery.

22.     Aramark had a duty to John Smith under the employment contract with him, which it breached by removing him from his position, and stripping him of his benefits without utilizing the progressive discipline it contracted to provide. As a result of this breach, John Smith has been damaged.

23.     On May 21, 2010, John Smith advised Aramark that he would require special accommodations to return to his position as supervisor for Aramark.

24.     Aramark failed and refused to provide the special accommodations to John Smith in violation of the Amendments to the Americans with Disabilities Act ("ADAAA"), and the Rehabilitation Act of 1973, which is governed by a four year statute of limitations as set forth is 28 U.S.C. § 1658.

25.     Pursuant to the ADAAA, an individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this Act because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

26.     When John Smith attempted to return to work at Aramark in his supervisory position in on May 21, 2010, he was advised by Aramark's agents or employees that he could not return to work because he may hurt himself.

27.     Aramark was required to make special accommodations for John Smith under the ADAAA, which it failed and refused to do in violation of the ADAAA.

28.     From the date of his injury to his resignation on June 10, 2013, Aramark furthered its discrimination by its continuing practice and discrimination toward John Smith by unlawfully demoting him; by stripping him of his benefits; and by failing to pay him the correct wage; all in violation of the Americans with Disabilities Act ("ADA") and The ADAAA.

29.     Aramark's conduct toward John Smith by its failure to correct the initial unlawful demotion, continued though June 10, 2013.

WHEREFORE, John Smith, by counsel, respectfully requests the Court find in his favor on all counts of its Complaint against Aramark Corporation in an amount which will fully and fairly compensate John Smith for his losses and for all other relief just and proper in the premises.

I AFFIRM THAT THE FOREGOING REPRESENTATIONS ARE TRUE.

_____

JOHN SMITH

Respectfully submitted,

_____

Davina L. Curry, #24139-49
The Curry Law Firm, LLC
P.O. Box 78676
Indianapolis, IN  46278
(317) 627-9187  Phone
(317) 297-7424  Fax

## 9.0     Progressive Discipline

It is the policy of ARAMARK to treat all employee performance and discipline problems in a fair and consistent manner.  In all but the most serious cases, each employee will be advised of the incorrect behavior and given an opportunity to correct the problem.

Prior to beginning "formal" progressive discipline, it is generally our practice to offer coaching and counseling to the employee.  This practice is left to the discretion of the Manager and is used in situations where the issue is not yet serious but does need to be corrected.

Consistent with our general philosophy that any discipline is intended to be corrective in nature, your Manager may follow a progressive disciplinary process.  These steps may include:

- Verbal Warning (Documented)
- First Written Warning
- Final Written Warning or Suspension (with or without pay)
- Termination of employment

ARAMARK does not guarantee that one form of discipline will necessarily precede another. In some circumstances, due to the seriousness of the infraction, it may be appropriate to skip to a final written warning and possibly to immediate termination.  In some cases, the Manager may suspend the employee immediately and consult with the District Manager, Regional Vice President and the Director of Human Resources for further guidance.

**This policy does not limit or modify ARAMARK's right to terminate an employee's employment at any time, for any reason, with or without any cause or advance notice.**

### 9.1     Suspension

Suspension (the temporary removal of an employee from work) may occur to investigate circumstances including, but not limited to, policy violations and hotline calls.  A record of suspension will be generated at the time of an employee's suspension.  Human Resources, the District Manager or Component Manager have the authority to suspend employees pending an investigation in certain circumstances.

The duration of a suspension should not exceed 5 working days, unless approved by the Human Resources Director. Managers should notify the Human Resources Director prior to or immediately following any suspension.

STATE OF INDIANA    )    IN THE MARION _____ COURT
)SS:
COUNTY OF MARION    )    CAUSE NO.:_____ 49D11 14 03 PL 00 9372

JOHN SMITH    )
    )
    Plaintiff    )    **FILED**
    )
v.    )    (94) MAR 18 2014
    )
ARAMARK CORPORATION    )    Elizabeth F. White
    )    CLERK OF THE MARION CIRCUIT COURT
    Defendant.    )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:** Initiating __X__    Responding _____    Intervening _____

1.    The undersigned attorney and all attorneys listed on this form now appear in this case for the follow party member(s): JOHN SMITH

2.    Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

    Name: Davina L. Curry    Atty Number: 24139-49
    Computer Address:    dlcurry@thecurrylawfirm.com

    Firm:    The Curry Law Firm, LLC
    Address:    P.O. Box 78676
        Indianapolis, IN  46278

    Telephone Number:    (317) 627-9187
    Facsimile Number:    (317) 297-7424

3.    There are other party members: Yes _____ No __X__

4.    *If first initiating party filing this case,* the clerk is requested to assign this case the following case type under Administrative Rule 8(b)(3): ___PL___

5.    I will accept service by FAX at the above noted number: YES

6.    Social Security numbers of all family members in proceedings involving support issues: N/A

7.   This case involves support issues.  Yes _____   No _X_  (*If yes, supply social security numbers for all family members on a separately attached page using **light green paper**.*)

8.   Related cases:  Yes _____   No _X_  (*If yes, list on continuation page*)

9.   This form has been served on all other parties.  Certificate of Services is attached:  No

10.  Additional information required by state or local rule:  N/A

11.  Public mailing address for purposes of legal service in proceeding involving a protections from abuse order, a workplace violence restraining order, or a no-contact order:  N/A

Respectfully submitted,

*Davina L Curry*
Davina L. Curry, Atty No.  24139-49


THE CURRY LAW FIRM, LLC
P.O. Box 78676
Indianapolis, IN  46278
(317) 627-9187
*Attorney for John Smith*